## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **VINCENT MICHAEL MARINO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 1:12-0394 |
| ) | |
| **R. MARTINEZ, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

**A.     Criminal Action No. 4:97-cr-40009:**

On December 22, 1999, Petitioner was convicted in the District of Massachusetts of one count of racketeering activity in violation of 18 U.S.C. §§ 2 and 1962(c) (Count 1); one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 2); and conspiracy to murder 13 individuals in aid of racketeering in violation of 18 U.S.C. § 1959 (Count 3). United States v. Marino, Case No. 4:97-cr-40009 (D.Mass. April 13, 2000). On April 13, 2000, the District Court

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

sentenced Petitioner to a total term of 420-months of imprisonment, to be followed by a three-year term of supervised release. Petitioner appealed his conviction and sentence to the First Circuit Court of Appeals. On January 14, 2002, the First Circuit affirmed Petitioner's conviction and sentence. United States v. Marino, 277 F.3d 11 (1st Cir. 2002). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on June 24, 2002. Marino v. United States, 536 U.S. 948, 122 S.Ct. 2639, 153 L.Ed.2d 819 (2002).

**B.     First Section 2255 Motion:**

On June 30, 2003, Petitioner filed in the District of Massachusetts a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Marino v. United States, Case No. 4:03-cv-40143, Document No. 1. As grounds for relief, Petitioner alleged ineffective assistance of counsel and outrageous government misconduct.[2] Id. By Memorandum Opinion and Order entered on May 25, 2006, the District Court determined Petitioner's arguments to be frivolous and denied his Section 2255 Motion. Id., Document No. 51-3. Petitioner filed a Notice of Appeal on June 14, 2006. Id., Document No. 52. The First Circuit denied his appeal on October 30, 2007. Id., Document No. 60.

**C.     Second Section 2255 Motion:**

On September 4, 2003, Petitioner filed in the District of Massachusetts a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Marino v. United States, Case No. 1:03-cv-11657, Document No. 1. As grounds for relief, Petitioner alleged ineffective assistance of counsel, prosecutorial misconduct, double jeopardy, and the withholding of exculpatory evidence. Id. By Proposed Findings and Recommendation entered on April 29, 2005, by United States Magistrate

---

[2] Specifically, Petitioner alleged that the government withheld exculpatory evidence and information about its cooperating witnesses.

Judge Joyce London Alexander, it was recommended that Petitioner's Section 2255 Motion be denied as untimely.[3] Id., Document No. 17. By Memorandum Opinion and Order entered on August 29, 2005, the District Court adopted Judge Alexander's recommendation and denied Petitioner's Section 2255 Motion. Id., Document Nos. 23. Petitioner filed a Notice of Appeal on September 21, 2005. Id., Document No. 28. On September 15, 2006, the First Circuit denied Petitioner's appeal. Id., Document No. 34.

**D.      Section 2241 Petitions:**

On October 9 and 11, 2007, Petitioner filed in the Eastern District of New York two Petitions requesting relief under 28 U.S.C. § 2241. Marino v. United States, Case No. 1:07-cv-12069, Document No. 1; Marino v. United States, Case No. 1:07-12070, Document No. 1. By Transfer Orders entered on October 25, 2007, the Eastern District of New York construed Petitioner's Section 2241 Petitions as Section 2255 Motions and transferred the case to the District of Massachusetts. Id., Document No. 4. By Memorandum Opinion and Orders entered on December 14, 2007, the District Court dismissed Petitioner's Section 2255 Motions. Id., Document No. 6.

**E.      Instant Section 2241 Petition:**

On October 11, 2011, Petitioner filed in the District of Columbia his instant Section 2241 Petition. (Civil Action No. 1:12-0394, Document No. 1.) In his Petition, Petitioner alleges that he is actually innocent of his criminal convictions based upon "due process violations, governmental interference, and egregious gross governmental misconduct." (Id.) Petitioner explains that he is innocent of Counts 1 and 2 because he was not proven guilty beyond a reasonable doubt. (Id.) Petitioner argues that the government improperly withheld exculpatory evidence and presented false

---

[3]  The Court found no evidence to support Petitioner's claim of newly discovered evidence.

testimony. (Id.) Petitioner further complains that trial counsel was ineffective during his criminal proceedings. (Id.) Petitioner, therefore, contends that he is entitled to immediate and unconditional release from custody. (Id.) By Order entered on February 14, 2012, the District Court for the District of Columbia transferred this matter to this District as Petitioner was incarcerated at FCI McDowell. (Id., Document No. 4.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's

4

sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of convictions and sentences as imposed by the District of Massachusetts. Specifically, Petitioner argues that he is innocent of Counts 1 and 2 as charged in the Indictment. Petitioner, therefore, requests that this Court invalidate his conviction and order his immediate release from custody. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of Massachusetts. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Firth Circuit Court of Appeals.[4]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008).

to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

    Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore,

Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

    Date: October 6, 2014.

R. Clarke VanDervort
United States Magistrate Judge